**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARLYNE GEYER,<br><br>              Plaintiff,<br><br>v.<br><br>AMERICAN ADVISORS GROUP, et al.,<br><br>              Defendants. | Civil Action No: 17-7336 (SDW) (LDW)<br><br><br>**OPINION**<br><br><br>January 18, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant American Advisors Group's ("AAG" or "Defendant") Motion to Dismiss Plaintiff Arlyne Geyer's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a New Jersey resident who applied for a reverse mortgage with AAG in April 2016. (2d Am. Compl. ¶¶ 1, 4, ECF No. 6.) Plaintiff avers that in or about May 2017, she was negotiating with a lienholder's attorney to discharge a lien on her property "at a substantially discounted basis." (2d Am. Compl. ¶¶ 6-7.) The gravamen of Plaintiff's Complaint is that after Defendant Suzanne Kern, who works for AAG, disclosed to the lienholder's attorney that Plaintiff

had applied for a reverse mortgage, the lienholder refused to continue negotiating with Plaintiff on the terms previously discussed. (2d Am. Compl. ¶¶ 7-9.)

On August 22, 2017, Plaintiff filed suit against Defendants in the Superior Court of New Jersey, Morris County. (Notice of Removal Ex. A, ECF No. 1.) AAG removed the action to the United States District Court of New Jersey on September 21, 2017. (ECF No. 1.) Plaintiff's Second Amended Complaint, filed in this Court on October 17, 2017, asserts three causes of action against Defendants: tortious interference (Count I); unfair trade practices and violation of disclosure laws (Count II); and negligence (Count III). (ECF No. 6.) On October 31, 2017, AAG filed the instant Motion to Dismiss. (ECF No. 8.) Plaintiff timely filed her opposition on November 29, 2017, and AAG replied on December 11, 2017. (ECF Nos. 11, 13.)

## II.   LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III. DISCUSSION

### a. Count One – Tortious Interference

To establish a claim for tortious interference, Plaintiff must prove: (1) a reasonable expectation of economic advantage; (2) interference done intentionally and with malice; (3) a causal connection between the interference and the loss of prospective gain; and (4) actual damages. *See Printing Mart–Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37 (N.J. 1989); *see also Interlink Prods. Int'l, Inc. v. HDS Trading Corp., Inc.*, No. 15-1642, 2015 WL 12840378, at *5 (D.N.J. Oct. 14, 2015). As pled, Plaintiff has not set forth what contracts Defendants interfered with, such that she would have a reasonable expectation of economic advantage. Furthermore, the pleadings do not suggest that Defendants acted maliciously or willfully in contacting the lienholder's attorney. *See Printing Mart–Morristown*, 563 A.2d at 37 ("[M]alice is defined to mean that the harm was inflicted intentionally and without justification or excuse."). As Plaintiff has failed to assert any of the four required allegations in order to state a tortious interference claim, Count One will be dismissed.

### b. Count Two – Unfair Trade Practices and Violation of Disclosure Laws

Other than alleging that Defendants violated state and federal laws that pertain to unfair and deceptive trade practices, Plaintiff has not specified which statutes were purportedly violated. Rather, for the first time in her opposition brief, Plaintiff contends that Defendants violated the Gramm-Leach-Bliley Act (the "Act"), which prohibits financial institutions from "disclos[ing] to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided [notice] to the consumer[.]" 15 U.S.C. § 6802. Even if such a violation were specifically pled, it is not a claim upon which relief can be granted because the Act does not create a private cause of action. *See* 15 U.S.C. § 6805 (vesting enforcement of the regulations with the Bureau of Consumer Financial Protection, the federal functional regulators, state insurance authorities, and the Federal Trade Commission); *see also Arce v. Bank of Am.*, No. 13-2776, 2013 WL 6054817, at *7 (D.N.J. Nov. 15, 2013) (dismissing a claim under the Act because "it is clear from the language of the statute that Plaintiff cannot bring a private right of action"). Therefore, Count Two will be dismissed.

### c. Count Three – Negligence

Before addressing Plaintiff's negligence claim, the Court must first address whether it can consider certain exhibits attached to Defendant's Motion to Dismiss. The general rule is that a district court may not consider material extraneous to the pleadings when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider a "document *integral to or explicitly relied* upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *Id.* "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint— lack of notice to the plaintiff—is dissipated '[w]here the plaintiff has actual notice . . . and has

relied upon these documents in framing the complaint." *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)). Allowable documents include the Complaint, exhibits attached to the Complaint, matters of public record, as well as undisputedly authentic documents if a plaintiff's claims are based upon these documents. *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013).

In her Complaint, Plaintiff alleges that Defendants owed her a duty of care and confidentiality in handling her reverse loan application. (*See generally* 2d Am. Compl.) Because the loan documents are integral to the Complaint, and because Plaintiff does not dispute their authenticity, this Court may and will consider the "Residential Loan Application for Reverse Mortgages," "Privacy Policy Disclosure," and "General Authorization" attached to Defendant's Motion to Dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

In New Jersey, a negligence claim requires a plaintiff to establish four elements: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *See Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 59 A.3d 561, 571 (N.J. 2013). In this case, although Plaintiff alleges that Defendants violated a duty of care and confidentiality by contacting her lienholder and disclosing that she had applied for a reverse mortgage, Plaintiff signed documents that authorized Defendants to speak with Plaintiff's other creditors. For example, Plaintiff's "Residential Loan Application for Reverse Mortgages" includes the following acknowledgment:

> Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors, and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business

purpose through any source, including a source named in this application or a consumer reporting agency.

(*See* Berg Decl. Ex. 9, ¶ VII, ECF No. 8-11.)   Similarly, the Privacy Policy Disclosure advised Plaintiff:

> As part of providing you with financial products or services, we may obtain information about you from the following sources . . . Your transaction with our affiliates, others, or us.  This information may include your account balances, payment history, and account usage . . . .

(*See* Berg Decl. Ex. 14 at 1, ECF No. 8-16.)  Moreover, Plaintiff signed a General Authorization that allowed AAG to "release any information requested by the Lender and/or assigns to complete the processing of the loan[,]" including information about open credit accounts, payment records, and balances.  (*See* Berg Decl. Ex. 15, ECF No. 8-17.)  Because Plaintiff permitted Defendants to contact its creditors to process her loan application, Defendants did not breach a duty of care or confidentiality by contacting her property's lienholder.  As such, Plaintiff has failed to state a claim for negligence, and Count Three will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**.[1]   An appropriate Order follows.

/s/ Susan D. Wigenton<br>
SUSAN D. WIGENTON, U.S.D.J

Orig:      Clerk
cc:        Leda Dunn Wettre, U.S.M.J.
           Parties

---

[1] In the alternative to its substantive arguments, Defendant contends that the Complaint should be dismissed because it was amended without leave of court or Defendant's written consent.  This Court would not have dismissed the Second Amended Complaint on those grounds because the amended pleadings simply removed a plaintiff and added a negligence claim.  *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Foman v. Davis*, 371 U.S. 178 (1962).  However, such considerations are now moot because the Second Amended Complaint will be dismissed on other grounds.